### STATE *v.* JAMES EVANS.

Where no term of the court was held at Monroe, in October, 1855, though the record of an appeal was returnable at that term, it was held to be a sufficient compliance with the law to file the record at the subsequent term.

Where the accused is not called at the courthouse door to receive his sentence, nor his sureties called to produce his body, there is no forfeiture of the bond obligating him to appear and receive his sentence.

APPEAL from the District Court of the parish of Claiborne, *Drew*, J.

*Stubbs*, District Attorney, for plaintiff. *Scott*, for defendant and appellant.

MERRICK, C. J. This suit is prosecuted against the defendants, as principal sureties on a bond, requiring the defendant *Evans* to appear and receive his sentence under a conviction for shooting with an intent to murder.

There is, in the record, a motion to dismiss the appeal. We think it should be overruled. The court did not hold a term at Monroe, in October, 1855, the docket having been disposed of in July of that year; Act, 1855, p. 211., sec. 3. The appellants were not obliged to file the transcript at the time fixed for the October term. The filing on the first judicial day of the present term was in time. It may be fairly presumed that the parties against whom the judgment was rendered, and who gave the bond, were those who moved for the appeal.

On the merits we do not find that *Evans* was called at the courthouse door to receive his sentence, nor that his sureties were called to produce his body. It does not, therefore, appear that the bond has been forfeited; 3 An., 225.

The judgment of the lower court must be reversed, and the *State* left to renew proceedings, in a regular manner, upon the bond if it shall be deemed expedient.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court, as to the said *Mabry Mitchell* and *N. J. Scott*, be avoided and reversed, and judgment rendered in their favor as in case of a non-suit.